UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CRIMINAL CASE NO. |
| | : | 3:10-cr-60 (VLB) |
| CHEYNE MAZZA, | : | |
| Defendant. | : | August 1, 2011 |

## RULING FOLLOWING *FATICO* HEARING

The defendant, Cheyne Mazza, appeared before the Court on May 18, 2011 and entered a guilty plea to Count One of a superseding indictment charging him with conspiracy to manufacture/possess with intent to distribute 1,000 or more marijuana plants in violation of 21 United States Code §§ 841(a)(1), (b)(1)(A)(vii) and 846. On July 25, 2011, the Office of Probation issued a presentence investigation report in which it recommended that the defendant's base offense level be adjusted upward for his leadership role in a conspiracy, for maintaining multiple premises for the cultivation of a controlled substance, witness intimidation, and obstruction of justice. The defendant contested the sufficiency of the evidence to support the recommended enhancements and requested a *Fatico* hearing. *See United States v. Fatico*, 603 F.2d 1053, 1057 n.9 (2d Cir. 1979). The Court conducted a *Fatico* hearing on July 28, 2011 and, based on the evidence introduced, finds that there is sufficient evidence to apply each of the upward adjustments recommended by the Office of Probation.[1]

---

[1] The Court notes that the defendant was involved in both selling marijuana he cultivated and selling marijuana he imported from California. The sentencing

**First, there is clear and convincing evidence that Cheyne Mazza was the leader of a marijuana cultivation and distribution conspiracy involving at least five individuals and operating in three separate locations, qualifying him for a two level increase in his base offense level pursuant to U.S.S.G. § 2D1.1(b)(12), and a four level upward adjustment in his base offense level pursuant to U.S.S.G. § 3B1.1. The evidence introduced at the *Fatico* hearing clearly and convincingly establishes that Mr. Mazza orchestrated the activities of more than five individuals, namely Sterling Mazza, Joseph Cassetti, James Canavan, Anthony Izzo, Dulcidio Echeverria, Jesse Echevarria and Amy Danaher,[2] resulting in the construction and operation of marijuana cultivation and distribution operations at three premises. The defendant sought and obtained directly or indirectly from or through his co-defendant Joseph Cassetti the use of the three rental units to cultivate marijuana. He arranged for the installation of electrical service to operate the lighting needed to cultivate the marijuana. He provided the equipment. *See* Gov't Exh. 4 at 47 (January 3, 2010 Letter to Sterling Mazza). He**

---

enhancements are applied based upon the defendant's conduct in connection with the conspiracy to cultivate marijuana for sale.

[2] **The testimony presented at the hearing established that Sterling Mazza, Joseph Casetti, and James Canavan participated at all three grow locations. Anthony Izzo, who is now deceased, assisted with the grow locations at 63 Root Avenue and 72 Root Avenue in Ansonia, Connecticut. The defendant testified that Jesse Echevarria and Dulcidio Echevarria were involved with the grow at 21 Pawnee Road in Oxford, Connecticut. In addition, Dulcidio Echevarria performed electrical work for the defendant at all three locations so that lighting for the plants could be installed. Amy Danaher, the defendant's girlfriend, accompanied the defendant to the grow locations and helped tend to and trim the plants.**

provided the plants and the instructions for cultivating them.  He had a cadre of dealers to sell the marijuana and he admitted that he sold marijuana for one of his co-conspirators.[3]  *See id.* at 8-9 (Letter to Jesse Echevarria), 13 (Letter to Rell), 14-18 (December 25, 2009 Letter to Sterling Mazza), 26 (December 25, 2009 Letter to Amy Danaher), 28 (December 27, 2009 Letter to Amy Danaher), 30 (December 27, 2009 Letter to Sterling Mazza), 43-44 (December 31, 2009 Letter to Sterling Mazza), 45-46 (January 2, 2010 Letter to Sterling Mazza), 47-48 (January 3, 2010 Letter to Sterling Mazza), 67 (Letter to Sterling Mazza), 69 (Letter to Sterling Mazza), and 71 (Letter to Sterling Mazza).  Mr. Mazza and his sister testified that no one was the leader and that each of the conspirators acted in concert but without coordination.  However, this assertion defies logic and is contrary to the evidence, most notably the testimony of Mr. Mazza's girlfriend Amy Danaher, who testified reluctantly under subpoena that, based upon Mr. Mazza's statements and her own observations, the marijuana cultivation sites were his.

Mr. Mazza also engaged in witness intimation, tampering with or destroying evidence, or otherwise obstructed justice in connection with the investigation or prosecution of the offense, qualifying him for a two base offense level increase pursuant to U.S.S.G.§ 2D1.1(b)(14)(D).  Mr. Mazza's mail and telephone conversations intercepted during his pretrial incarceration establish that he

---

[3]  The evidence introduced at the hearing suggests that the individuals who sold marijuana for the defendant, and who owed him money that he attempted to collect while he was incarcerated, sold both marijuana that the defendant cultivated and marijuana that he imported.

3

repeatedly threatened witnesses and instructed individuals not to make statements, not to testify before the grand jury, and to lie.  *See, e.g.*, Gov't Exh. 2, Call Number 5P01107R - May 25, 2010, Call Number 5P01107T - May 25, 2010, Call Number 5T01109X - May 29, 2010; Gov't Exh. 4 at 3-6 (December 22, 2009 Letter to Stephanie Grabowsky), 8 (Letter to Jesse Echevarria), 60 (December 6, 2010 Letter to Amy Danaher), 65 (December 10, 2009 Letter to Amy Danaher).

Finally, the evidence clearly and convincingly establishes that Mr. Mazza qualifies for a two level upward adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1 for instructing Sterling Mazza, his sister and co-conspirator, who assisted him in continuing his illegal activities while he was incarcerated and through whom he communicated intimidating statements to witnesses, to leave the jurisdiction to evade arrest.  *See* Gov't. Exh. 4 at 3 (December 22, 2009 Letter to Stephanie Grabowsky), 14-15 (December 25, 2009 Letter to Sterling Mazza).

          IT IS SO ORDERED.

          _____/s/_____
          Vanessa L. Bryant
          United States District Judge

Dated at Hartford, Connecticut:  August 1, 2011.